UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ABDUL HAI, on behalf of himself and        Civil Action No.
all others similarly situated

                Plaintiffs,        **CLASS ACTION**
                                        **COMPLAINT**

    v.

NORTHLAND GROUP, INC.        **NO JURY TRIAL**
                                        **DEMANDED**

                Defendant.
-------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows.

## INTRODUCTION

1. Abdul Hai ("Plaintiff"), on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Northland Group, Inc. ("Northland" or "Defendant") in connection with their attempts to collect alleged debts from himself and others similarly situated.

2. Plaintiff alleges that Northland's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair

1

or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    i.   The acts giving rise to this lawsuit occurred within this District; and

    ii.  Defendant does business within this District.

## PARTIES

7. Plaintiff, Abdul Hai is an individual natural person who at all relevant times resided in the City of Jamaica, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Northland Group Inc., at all times relevant hereto, is and was a Corporation with offices located at Three Paramount Plaza, 7831 Glenroy Rd #250, Edina, MN 55439.

10. The principal purpose of Northland is the collection of debts using the mail and telephone.

11. Northland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Northland's website (http://www.northlandgroup.com/about-us/) states that Northland provides "collection services for national credit grantors."

13. Northland is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

14. Sometime prior to September 2016, Plaintiff allegedly incurred a debt to Citibank N.A. (the "Debt").

15. Citibank, N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

16. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal Home Depot credit card.

17. The Debt arose out of a consumer credit card account which Plaintiff opened in order to pay for his personal and household items.

18. The Home Depot credit card was neither opened nor used by Plaintiff to pay for business expenses.

19. The personal credit card obligation to Citibank, N.A. is a "debt" as defined by 15 U.S.C. §1692a(5).

20. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

21. Defendant contends that the Debt is past-due and in default.

22. At some point after Plaintiff's alleged default, Citibank, N.A. determined that the Debt was uncollectable, and therefore decided to "charge-off" the Debt.

23. Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records.[1] These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

24. Sometime after Citibank, N.A. charged off the Debt, Plaintiff's Debt was placed with Defendant for collection.

25. The Debt was past-due and in default when it was placed with Defendant for collection.

26. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

27. On or about December 30, 2016, Northland mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as **Exhibit A** is a true copy of the letter dated December 30, 2016 sent by Northland to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

28. Northland mailed the December 30, 2016 letter as a part of their efforts to collect the Debt.

29. The Plaintiff received the letter attached as Exhibit A in the mail.

30. The Plaintiff reviewed the letter attached as Exhibit A upon receipt of the letter in the mail.

31. Exhibit A seeks to collect the Debt.

32. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

---

[1] By charging off the Account, the Debt had been in default for a period of approximately 180 days. *See* Uniform Retail Credit Classification and Account Management Policy, 65 Fed. Reg. 36903 (June 12, 2000); *see also* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.").

4

33. The letter attached as <u>Exhibit A</u> is the first written communication Plaintiff received from Defendant.

34. The letter attached as <u>Exhibit A</u> is the first written communication Defendant sent to Plaintiff regarding the Debt.

35. The top portion of the letter attached as <u>Exhibit A</u> states: "Past due account balance $1,958.22".

36. The letter attached as <u>Exhibit A</u> further states in relevant part:

    As of the date of this letter, the balance due on the account is $1,958.22. Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter.

37. Contrary to the statement contained in the December 30, 2016 letter attached as <u>Exhibit A</u>, at no time after September 30, 2016 did Citibank, N.A. or Defendant add "adjustments" to the balance due on the Debt in the form of interest, late fees, and/or any other charges or fees.

38. Contrary to the statement contained in the December 30, 2016 letter attached as <u>Exhibit A</u>, at no time on or after September 30, 2016 could Citibank, N.A. or Defendant have added "adjustments" to the balance due on the Debt in the form of interest, late fees, and/or any other charges or fees.

39. Contrary to the statement contained in the December 30, 2016 letter attached as <u>Exhibit A</u>, at no time does Defendant add any "adjustments" to the balance(s) due on consumer debts, which are similar to the Debt and which it seeks to collect.

40. Contrary to the statement contained in the December 30, 2016 letter attached as <u>Exhibit A</u>, at no time can Defendant add any "adjustments" to the balance(s) due on consumer debts, which are similar to the Debt and which it seeks to collect.

41. On information and belief, Defendant is not legally or contractually permitted add interest to the Debt.

42. On information and belief, Defendant is not legally or contractually permitted to add late charges to the Debt.

43. On information and belief, Defendant is not legally or contractually permitted to add any other charges or adjustments to the balance alleged due on the Debt.

44. On information and belief, Northland would not increase the balance of Plaintiff's Debt in the form of "adjustments" because Citibank N.A. only authorized Northland collect the past due account balance $1,958.22.

45. Debts such as Plaintiff's that Northland seeks to collect never vary because of adjustments such as interest, late charges, or other charges.

46. Northland does not add any "adjustments" in the form of interest, late charges, or any other charges to the amount of the debt it seeks to collect from any consumer, such as Plaintiff, whose debt has been previously charged off by their creditor.

47. Northland never seeks to collect any additional amounts for a previously charged off debt after a consumer has paid the initially demanded balance in full.

48. Federal regulations require banks, such as Citibank, N.A., to send periodic statements on all accounts, including defaulting accounts in order to assess and charge interest or fees to the account.[2] Thus, banks such as Citibank, N.A., cannot charge "adjustments", such as interest or fees, if periodic statements are not sent.

49. On information and belief, Citibank, N.A. ceased sending period statements, charged-off the Debt, and stopped charging "adjustments", such as interest and/or fees, prior to

---

[2] 12 C.F.R. § 226.5(b)(2)(i).

6

Plaintiff's Debt being placed with Defendant for collection and Defendant mailing or causing to be mailed the December 30, 2016 letter attached as <u>Exhibit A</u> to the Plaintiff.

50. In fact, the balance of the Debt remained at $1,958.22. (Annexed and attached hereto as **<u>Exhibit B</u>** is a true copy of a letter dated February 2, 2017 sent by Northland to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy).

51. The balance of the Debt did not change or "adjust" in the thirty-four days between the letters attached as <u>Exhibit A</u> and <u>Exhibit B</u>, and has not "adjusted" since February 2, 2017.

52. Upon information and belief, there would be no required adjustments in the form of interest, late charges, or other charges and/or fees that may vary from day to day regarding Plaintiff's Debt.

53. Defendant's statement that, "Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter" is false, deceptive, and misleading to the least sophisticated consumer because Defendant falsely suggested in their letter attached as <u>Exhibit A</u> that the balance due on the Debt may increase from day to day because of "adjustments". In fact, the balance due on the debt could not vary from day to day because of adjustments because Citibank, N.A. had stopped charging adjustments (such as interest, late fees, or other any charges) prior to

the Debt being placed with Defendant for collection, and Northland was aware of this fact.[3]

54. Such a false statement makes the least sophisticated consumer uncertain as to the amount allegedly owed to Citibank, N.A., and uncertain as to how much additional "adjustments" such as interest, late fees, or other charges, would continue to accrue on the Debt.

55. Defendant's false and misleading statement that "Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter" is a collection play and a deceptive tactic used to trick the least sophisticated consumer into believing that paying less than the full amount owed or not immediately paying would cause the balance of the debt to increase.

56. Northland's collection practice is a high-volume practice.

57. Northland's debt collection practice is largely automated and utilizes standardized form letters.

58. On information and belief, the December 30, 2016 letter attached as Exhibit A is a mass-produced, computer generated form letter that is prepared by Northland and mailed to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

59. Northland mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New York consumers from whom Northland attempted to collect a consumer debt.

---

[3] Beauchamp v. Financial Recovery Services, Inc., 2011 WL 891320 at *3 (S.D.N.Y. March 11, 2011) ("Here, a consumer reading the Letter could believe that FRS does, at times, add interest or other charges to the amount it seeks to collect. If FRS never increases the amount owed beyond that states in the Letter, as Beauchamp contents, then the consumer will in fact have been misled)

60. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which falsely threaten adjustments to the balance due on the debt, in violation of the FDCPA.

61. Defendant used the same procedures it used in sending the letter attached as Exhibit A when sending the same and/or similar letters to other New York Consumers.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692e)**

62. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

63. The conduct of Northland in this case violates 15 U.S.C. §§1692, 1692e(2)(A), 1692e(5), and 1692e(10).

64. The FDCPA at 15 U.S.C. §1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

    (A) the character, amount, or legal status of any debt; or

    (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

65. The Defendant's violated §1692e of the FDCPA because letter attached as Exhibit A:

    i.   Made false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e.

    ii.  Made false representations of the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A) by falsely representing that the amount

        of the debt was subject to adjustments (such as interest, late fees, and/or other charges) when in fact, legally, it was not because of the charge off that had occurred prior to the letter being mailed by Northland to Plaintiff.

   iii.    Threatened to take an action that could not legally be taken or that was not intended to be taken, in violation of 15 U.S.C. §1692e(5), by falsely stating that the Debt may be subject to adjustments when Northland knew that in reality under no circumstances would the Debt be subjected to adjustments because of for example, interest, late fees, or other charges.

   iv.    Used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692(e)(10) by falsely suggesting, contrary to Northland's actual practice, that adjustments in the form of interest, late charges, or other fees may be added to the balance of the Debt.

66. The violations of the FDCPA described herein constitute *per se* violations.

67. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was mailed and directed to him.

68. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff. *See* <u>Bautz v. ARS National Services Inc</u>., 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016).

69. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692g)

70. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

71. The conduct of Northland in this case violates 15 U.S.C. §1692g(a)(1).

72. The FDCPA at Section 1692g provides:

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

    (1) the amount of the debt;

73. Northland violated 1692g(a)(1) because the letter attached as <u>Exhibit A</u> states that the balance due on the account may increase, when in reality, it would not. This false statement caused Plaintiff to be uncertain as to his rights and left him confused about the total amount he owes.

74. Plaintiff and other least sophisticated consumers could reasonably believe that Northland does, at times, add interest or other charges to the amounts it seeks to collect from debts that have been previously charged off by the original creditor.

75. Because <u>Exhibit A</u> provides that the outstanding balance may increase, Plaintiff and other least sophisticated consumers may reasonably conclude that they must pay the balance stated in the letter immediately or possibly owe a larger amount.

76. In the Seventh Circuit case of <u>Miller v. Mcalla, Raymer, Padrick, Cobb, Nichols, and Clark LLC</u> 214 F.3d 872 (7th Cir. 2000) the court stated safe harbor language ("as of the date of this letter etc. .") to instruct debt collectors how to properly disclose the amount owed in situations where they are charging interest, late fees or other charges. "We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day" (emphasis added). Id. The Second Circuit in <u>Avila v. Riexinger & Associates, LLC</u>, 817 F. 3d 72 (2d. Cir. 2016) adopted the Miller safe harbor language.

77. Northland wrongfully mirrored the Miller and Avila safe harbor language in this case where they were not charging any additional interest or other charges. As such, the letter cannot be saved by the safe harbor language.

78. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692g and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## **CLASS ALLEGATIONS**

79. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

80. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

81. The Class consists of (a) all individuals (b) with a New York address (c) who were sent a letter from Northland in a form materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) which letter contained the same or similar language: "Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter."

82. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

83. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

    iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. The claims of Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses

      the same interests and has suffered the same injuries as each absent class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the absent class members.

  iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

  v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

84. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

85. A class action is superior for the fair and efficient adjudication of this matter, in that:

   i. Individual actions are not economically feasible;

   ii. Members of the class are likely to be unaware of their rights;

   iii. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Northland violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692g, and 1692g(a)(1);

3. An award of statutory damages for Abdul Hai and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
July 17, 2017

THE PLAINTIFF

By: /s/ Ryan Gentile
Ryan Gentile, Esq.

>Law Offices of Gus Michael Farinella PC
>*Attorney for Plaintiff*
>110 Jericho Turnpike – Suite 100
>Floral Park, NY 11001
>Tel: (212) 675-6161
>Fax: (212) 675-4367
>rlg@lawgmf.com

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

>The Law Offices of Gus Michael Farinella, PC

>/s/ Ryan Gentile
By:_____
>Ryan Gentile